

**NUMBER 13-17-00659-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                    **Appellant,**

**v.**

LEROY TORRES,                                                     **Appellee.**

---

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

---

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion on Remand by Chief Justice Contreras**

This cause is on remand from the United States Supreme Court. Appellant, the

Texas Department of Public Safety (DPS), argues by one issue that the trial court erred

by denying its plea to the jurisdiction in a suit brought by appellee Leroy Torres. We affirm.

On original submission in 2018, we sustained DPS's issue, reversed the trial

court's judgment, and rendered judgment granting DPS's plea to the jurisdiction. *Tex. Dep't of Pub. Safety v. Torres*, 583 S.W.3d 221, 232 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied) (concluding that "DPS's immunity to Torres's suit has not been validly abrogated by Congress or waived by the Texas Legislature"), *rev'd*, 142 S. Ct. 2455 (2022). After granting Torres's petition for writ of certiorari, the United States Supreme Court reversed our ruling in a 5–4 decision. 142 S. Ct. at 2460–69. The majority noted that, in 2021, the Court redefined the test for when a state's sovereign immunity is validly abrogated by Congress. *Id.* at 2463 ("*PennEast* defined the test for structural waiver as whether the federal power at issue is 'complete in itself, and the States consented to the exercise of that power—in its entirety—in the plan of the Convention.' . . . Where that is so, the States implicitly agreed that their sovereignty 'would yield to that of the Federal Government "so far as is necessary to the enjoyment of the powers conferred upon it by the Constitution."'" (quoting *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2263 (2021))); *see id.* at 2469 (Kagan, J., concurring) (noting that *PennEast* "[u]s[ed] a new test" and "thus compels today's result"). Employing this newly-developed standard, the majority concluded that, "as part of the plan of the Convention, the States waived their immunity under Congress' Article I power '[t]o raise and support Armies' and 'provide and maintain a Navy'"; therefore, "Texas courts may not enforce contrary state laws to block" suits—such as Torres's—which are brought under federal legislation enacted pursuant to those powers. *Id.* at 2466 (quoting U.S. CONST. art. I, § 8, cls. 12–13). The Court remanded the case to us for further proceedings not inconsistent with its opinion. *Id.* at 2469.

The United States Supreme Court's decision is dispositive of this appeal. Because

Texas's sovereign immunity is waived as to suits authorized by Congress pursuant to its Article I war powers, the trial court properly denied DPS's plea to the jurisdiction. We overrule DPS's issue and affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
11th day of August, 2022.